1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 BAY AREA PAINTERS AND TAPERS              Case No.:  C11-01962 JSW
   PENSION TRUST FUND, et al.,
11                                           NOTICE AND
        Plaintiffs,                          ACKNOWLEDGMENT; and
12
             v.                              JUDGMENT PURSUANT TO
13                                           STIPULATION
   NORTHERN PACIFIC DRYWALL, INC., a
14 California Corporation, and DARRIN MICHAEL
   SPANN, an individual,
15
        Defendants.
16

17

18        IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment shall be

19 entered in the within action in favor of the Plaintiffs BAY AREA PAINTERS AND TAPERS

20 PENSION TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against

21 Defendants NORTHERN PACIFIC DRYWALL, INC, a California Corporation, and and

22 DARRIN MICHAEL SPANN, an individual, and/or alter egos and/or successor entities

23 (collectively "Northern Pacific" or "Defendants"), as follows:

24        1.    Defendants entered into a valid Collective Bargaining Agreement with the

25 District Council 16 of the International Union of Painters and Allied Trades (hereinafter

26 "Bargaining Agreement").  This Bargaining Agreement has continued in full force and effect to

27 the present time.

28        2.    DARRIN MICHAEL SPANN, RMO/CEO/President of NORTHERN PACIFIC

P:\CLIENTS\PATCL\Northern Pacific Drywall\Pleadings\C11-01962 JSW - Judgment Pursuant to Stipulation 051611.doc

DRYWALL, INC., acknowledges receipt of the following documents in this action on behalf of Defendants NORTHERN PACIFIC DRYWALL, INC., a California Corporation, and DARRIN MICHAEL SPANN, an individual: Summons; Complaint; ADR Dispute Resolution Procedures in the Northern District of California; Instructions for Completion of ADR Forms Regarding Selection of and ADR Process; Stipulation and [Proposed] Order Selecting ADR Process (Blank Form); Notice of Need for ADR Phone Conference (Blank Form); ADR Certification By Parties and Counsel (Blank Form); Notice of Assignment of Case to a United States Magistrate Judge for Trial; Consent to Proceed Before A United States Magistrate Judge (Blank Form); Declination to Proceed Before a Magistrate Judge and Request For Reassignment to A United States District Judge (Blank Form); Order Setting Initial Case Management Conference and ADR Deadlines; Standing Order For Magistrate Judge Donna M. Ryu; Standing Order for All Judges of the Northern District of California, Contents of Joint Case Management Statement; Welcome to the Oakland Divisional Office of the United States District Court; U.S. District Court Northern California ECF Registration Information Handout; Certification of Interested Entities or Persons Pursuant to Local Rule 3-16; Declination to Proceed Before a Magistrate Judge and Request For Reassignment to A United States District Judge.

      3.      Defendants have become indebted to the Trust Funds as follows:

| *Account No.: 2021-06289800* | | | |
|---|---|---|---|
| 9/10 | Contributions | $5,055.24 | |
| | 20% Liquidated Damages | $1,011.05 | |
| | 5% p/a Interest (through 5/5/11) | $127.42 | |
| | | | $6,193.71 |
| 10/10 | Contributions | $7,409.36 | |
| | 20% Liquidated Damages | $1,481.87 | |
| | 5% p/a Interest (through 5/5/11) | $156.31 | |
| | | | $9,047.54 |
| 11/10 | Contributions | $8,713.80 | |
| | 20% Liquidated Damages | $1,742.76 | |
| | 5% p/a Interest (through 5/5/11) | $146.82 | |
| | | | $10,603.38 |
| 12/10 | Contributions | $5,673.24 | |
| | 20% Liquidated Damages | $1,134.65 | |
| | 5% p/a Interest (through 5/5/11) | $71.50 | |
| | | | $6,879.39 |
| 1/11 | Contributions | $2,801.76 | |
| | 20% Liquidated Damages | $560.35 | |
| | 5% p/a Interest (through 5/5/11) | $24.56 | |

| | | | | |
|---|---|---|---|---|
| | | | | $3,386.67 |
| 2/11 | Contributions | | $4,539.44 | |
| | 20% Liquidated Damages | | $907.89 | |
| | 5% p/a Interest (through 5/5/11) | | $20.52 | |
| | | | | $5,467.85 |
| 3/11 | Contributions | | $7,974.24 | |
| | 20% Liquidated Damages | | $1,594.85 | |
| | 5% p/a Interest (through 5/5/11) | | $5.45 | |
| | | | | $9,574.54 |
| **Account No.: 2051-06289800** | | | | |
| 10/10 | Contributions | | $3,364.70 | |
| | 20% Liquidated Damages | | $672.94 | |
| | 5% p/a Interest (through 5/5/11) | | $70.98 | |
| | | | | $4,108.62 |
| 12/10 | Contributions | | $295.10 | |
| | 20% Liquidated Damages | | $59.02 | |
| | 5% p/a Interest (through 5/5/11) | | $3.72 | |
| | | | | $357.84 |
| 1/11 | Contributions | | $1,158.84 | |
| | 20% Liquidated Damages | | $231.77 | |
| | 5% p/a Interest (through 5/5/11) | | $10.16 | |
| | | | | $1,400.77 |
| 2/11 | Contributions | | $971.88 | |
| | 20% Liquidated Damages | | $194.38 | |
| | 5% p/a Interest (through 5/5/11) | | $4.39 | |
| | | | | $1170.65 |
| 3/11 | Contributions | | $3,115.00 | |
| | 20% Liquidated Damages | | $623.00 | |
| | 5% p/a Interest (through 5/5/11) | | $2.15 | |
| | | | | $3,740.15 |
| **SUBTOTAL** | | | | **$61,931.11** |
| Attorneys' Fees (3/8/11-4/26/11) | | | | $1,506.00 |
| Costs (to 4/25/11) | | | | $350.00 |
| **GRAND TOTAL** | | | | **$63,787.11** |

4.    Defendant shall **conditionally** pay the amount of **$53,572.58**, representing all of the above amounts, **less liquidated damages in the amount of $10,214.53. *This waiver is expressly conditioned upon the Trustees' approval upon timely compliance with all of the terms of this Stipulation,*** as follows:

(a)    Beginning on or before May 15, 2011, and on or before the 15th day of each month thereafter, for a period of twelve (12) months, through and including April 15, 2012, Defendants shall pay to Plaintiffs the amount of **$4,586.00** per month;

(b)    Payments may be made by joint check to Defendants and Plaintiffs' Trust Funds, and if so, shall be endorsed by Defendants prior to submission to Plaintiffs;

1    (c)    Defendants shall have the right to increase the monthly payments at any

2 time, without penalty;

3    (d)    Payments shall be applied first to unpaid interest and then to unpaid

4 principal. The unpaid principal balance shall bear interest at the rate of 5% per annum, from April

5 16, 2011, in accordance with Plaintiffs' Trust Agreements;

6    (e)    Payments shall be made payable to the "*District Council 16 Northern*

7 *California Health & Welfare Trust Funds*" and delivered to Michele R. Stafford at Saltzman &

8 Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California  94104,

9 or to such other address as may be specified by Plaintiffs, **to be _received_ on or before the 15th**

10 **day of each month**.

11    (f)    Prior to Defendants' final payment, Plaintiffs shall notify Defendants in

12 writing of the final amount due, including interest and any additional attorneys' fees and costs, as

13 well as any other amounts due under the terms herein.  Any additional amounts due pursuant to

14 the provisions hereunder shall be paid in full with the final stipulated payment on April 15, 2012.

15    (g)    At the time Defendants make their last (April 15, 2012) monthly payment

16 toward the conditional balance owed under the Stipulation, Defendants may submit a written

17 request for a waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman

18 and Johnson Law Corporation with that payment.  Defendants will then be advised as to whether

19 or not the waiver has been granted.  If the waiver is granted, upon bank clearance of Defendants'

20 last payment of the conditional balance, Plaintiffs will file a Notice of Satisfaction of Judgment

21 with the Court.  However, if the waiver is denied, monthly payments will continue until all

22 liquidated damages due have been paid.

23    (h)    Failure to comply with any of the above terms shall constitute a default of

24 Defendants' obligations under this Stipulation and the provisions of ¶10 shall apply.

25    5.    Beginning with contributions due for hours worked by Defendants' employees

26 during the month of April 2011, which are due no later than May 15, 2011 and delinquent if not

27 received by May 31, 2011, and for every month thereafter, Defendants **shall remain current in**

28 **reporting and payment of any contributions** due to Plaintiffs under the current Collective

1    Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and

2    the Declarations of Trust as amended. **Defendants shall fax a copy of the contribution report**

3    **for each month, together with a copy of that payment check, to Michele R. Stafford at 415-**

4    **882-9287, or to such other fax number as may be specified by Plaintiffs, <u>prior to sending the</u>**

5    **<u>payment to the Trust Fund office</u>.**

6            6.      Defendants shall make full disclosure of all jobs on which they are working by

7    providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the

8    name and address of job, general contractor information, certified payroll if a public works job,

9    and period of work. **Defendants shall fax said updated list each month together with the**

10   **contribution report (as required by this Stipulation) to Michele R. Stafford at 415-882-9287.**

11   This requirement remains in full force and effect regardless of whether or not Defendants have

12   ongoing work. In this event, Defendants shall submit a statement stating that there are no current

13   jobs.  A blank job report form is attached hereto for Defendants' use, as *Exhibit A*.  **To the extent**

14   **that Defendants are working on a Public Works job, or any other job for which Certified**

15   **Payroll Reports are required, copies of said Reports will be faxed to Michele R. Stafford,**

16   **concurrently with their submission to the general contractor, owner or other reporting**

17   **agency**.

18           7.      Failure by Defendants to remain current in reporting or payment of contributions

19   shall constitute a default of the obligations under this agreement.  Any such unpaid or late paid

20   contributions, together with 20% liquidated damages and 5% per annum interest accrued on

21   contributions, shall be added to and become a part of this Judgment and subject to the terms

22   herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and

23   Declarations of Trust of the Trust Funds for collection of current and future contributions, and for

24   any additional past contributions not included herein as may be determined by Plaintiffs, pursuant

25   to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement

26   are in addition thereto.  Defendants specifically waive the defense of the doctrine *res judicata* as to

27   any such additional amounts determined as due.

28           8.      In the event that any check is not timely submitted or submitted by Defendants but

P:\CLIENTS\PATCL\Northern Pacific Drywall\Pleadings\C11-01962 JSW - Judgment Pursuant to Stipulation 051611.doc

1  fails to clear the bank, or is unable to be negotiated for any reason for which Defendants are

2  responsible, this shall be considered to be a default on the Judgment entered.  If Defendants fail to

3  submit its contribution reports, and /or certified payroll reports (if any) and / or job lists, and / or

4  fail to comply with *any* of the terms of the Stipulation herein, this too shall constitute a default.

5      9.      If a default occurs, Plaintiffs shall make a written demand, sent to by facsimile

6  (408-988-7949), to cure said default.  Default will only be cured by the issuance of a replacement,

7  cashier's check if the default is caused by a failed check, or at the request of Plaintiffs, to be

8  delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the

9  notice from Plaintiffs.  If Defendants elect to cure said default, and Plaintiffs elect to accept future

10  payments, all such payments shall be made by cashier's check if the default is caused by a failed

11  check.

12     10.     In the event the default is not cured, all amounts remaining due hereunder, as well

13  as any additional amounts due pursuant to the terms herein, shall be due and payable on demand

14  by Plaintiffs as follows:

15         (a)     The entire amount of **$63,787.11** plus interest, reduced by principal

16  payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20%

17  liquidated damages and 5% per annum interest thereon, shall be immediately due, together with

18  any additional attorneys' fees and costs and other amounts due herein;

19         (b)     A writ of execution may be obtained against Defendants and all related

20  entities without further notice, in the amount of the unpaid balance, plus any additional amounts

21  under the terms herein, upon declaration of a duly authorized representative of the Plaintiffs

22  setting forth any payment theretofore made by or on behalf of Defendants and the balance due and

23  owing as of the date of default.  Defendants specifically decline the authority of a Magistrate

24  Judge for all proceedings, herein;

25         (c)     Defendants waive notice of entry of judgment and expressly waive all rights

26  to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of

27  Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the

28  issuance of a writ of execution;

(d)     Defendants shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendants to Plaintiffs under this Stipulation, regardless of whether or not there is a default herein.

10.     Any failure on the part of the Plaintiffs to take any action against Defendants as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendants of any provisions herein.

11.     In the event of the filing of a bankruptcy petition by Defendants, the parties agree that any payments made by Defendants pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or otherwise. Defendants nevertheless represent that no bankruptcy filing is anticipated.

12.     Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

13.     This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendants to the Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants as provided by the Plaintiffs' Plan Documents, and Trust Agreements incorporated into their Collective Bargaining Agreement, and the law.

14.     This Stipulation contains all of the terms agreed by the parties and no other agreements have been made.  Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

15.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

16.     The parties agree that the Court shall retain jurisdiction of this matter until this

1  Judgment is satisfied.

2      17.    All parties represent and warrant that they have had the opportunity to be or have

3  been represented by counsel of their own choosing in connection with entering this Stipulation

4  under the terms and conditions set forth herein, that they have read this Stipulation with care and

5  are fully aware of and represent that they enters into this Stipulation voluntarily and without

6  duress.

7  Dated: May 10, 2011                    **NORTHERN PACIFIC DRYWALL. INC.. a**
                                          **California Corporation**
8

9                              By:    _____/S/_____
10                                    DARRIN MICHAEL SPANN, its
                                      RMO/CEO/President

11  Dated: May 10, 2011                    **DARRIN MICHAEL SPANN, an Individual**

12
                                      _____/S/_____
13                                    DARRIN MICHAEL SPANN

14
    Dated: May 16, 2011                    **SALTZMAN AND JOHNSON LAW**
15                                      **CORPORATION**

16
                                By:    _____/S/_____
17                                    Michele R. Stafford
                                      Attorneys for Plaintiffs
18                                    Bay Area Painters & Tapers Trust Funds

19

20  IT IS SO ORDERED.

21  IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall
    retain jurisdiction over this matter, for one year from the date of this judgment.  The Clerk
22  shall close the file.

23
            May 17
24  Dated: _____, 2011        _____
                                         UNITED STATES DISTRICT COURT JUDGE
25

26

27

28

                                                                    -8-
                                          **JUDGMENT PURSUANT TO STIPULATION**
                                          **Case No.: C11-01962 JSW**

1

## ***Exhibit A***

2

### *JOB REPORT FORM*

3

**\*\*\* Updated report must be faxed to Michele R. Stafford, Esq., at (415) 882-9287
on the <u>15th</u> day of each month \*\*\***

4

Employer Name: **NORTHERN PACIFIC DRYWALL, INC.**

5

Report for the month of _____   Submitted by (print name): _____

6

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |

| | | | |
|---|---|---|---|
| Contract #: | | Date of Contract: | |

| | |
|---|---|
| Total Value of Contract: | |

| | | | |
|---|---|---|---|
| Work Start Date: | | Work Completion Date: | |

13

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |

| | | | |
|---|---|---|---|
| Contract #: | | Date of Contract: | |

| | |
|---|---|
| Total Value of Contract: | |

| | | | |
|---|---|---|---|
| Work Start Date: | | Work Completion Date: | |

20

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |

| | | | |
|---|---|---|---|
| Contract #: | | Date of Contract: | |

| | |
|---|---|
| Total Value of Contract: | |

| | | | |
|---|---|---|---|
| Work Start Date: | | Work Completion Date: | |

27

*\*\*\* Attach additional sheets as necessary \*\*\**

28

-1-
**EXHIBIT A to JUDGMENT PURSUANT TO STIPULATION
Case No.: C11-01962 JSW**

1                             PROOF OF SERVICE

2 I, the undersigned, declare:

3        1.      I am a citizen of the United States and am employed in the County of San

4 Francisco, State of California.  My business address is 44 Montgomery Street, Suite 2110, San

5 Francisco, California 94104.

6        2.      I am over the age of eighteen and not a party to this action.

7        3.      On **May 16, 2011**, I served the following document(s):

8 ***NOTICE AND ACKNOWLEDGMENT; and JUDGMENT PURSUANT TO STIPULATION***

9 on the interested parties in said action by enclosing a true and exact copy of each document in a

10 sealed envelope and placing the envelope for collection and First Class mailing following our

11 ordinary business practices.  I am readily familiar with this business' practice for collecting and

12 processing correspondence for mailing.  On the same day that correspondence is placed for

13 collection and mailing, it is deposited in the ordinary course of business with the United States

14 Postal Service in a sealed envelope with postage fully prepaid.

15        4.      The envelopes were addressed and mailed as follows:

16                            Darrin Spann
                  Northern Pacific Drywall, Inc.

17                      1535 Farmers Lane #302
                    Santa Rosa, CA  95405

18

19       I declare under penalty of perjury that the foregoing is true and correct and that this

20 declaration was executed on **May 16, 2011**, at San Francisco, California.

21

22                                       _____/S/_____

23                                       Elise Thurman
                                    Paralegal

24

25

26

27

28