Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al., | Case No.:  C11-1962 JSW |
| Plaintiffs, | **FIRST AMENDED JUDGMENT PURSUANT TO STIPULATION** |
| v. | **[PROPOSED] ORDER THEREON** |
| NORTHERN PACIFIC DRYWALL, INC., a California Corporation, and DARRIN MICHAEL SPANN, an individual, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between the parties hereto, that First Amended Judgment shall be entered in the within action in favor of the Plaintiffs BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendants NORTHERN PACIFIC DRYWALL, INC, a California Corporation, and DARRIN MICHAEL SPANN, an individual, and/or alter egos and/or successor entities (collectively "Northern Pacific" or "Defendants"), as follows:

1.      Defendants entered into a valid Collective Bargaining Agreement with the District Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining Agreement").  This Bargaining Agreement has continued in full force and effect to the present time.

2.      A Judgment Pursuant to Stipulation ("Stipulation") was entered by the Court on

1 May 17, 2011, in the amount of $63,787.11 (including conditionally waived liquidated damages in

2 the amount of $10,214.53) plus 5% per annum interest.  Defendants made several payments on the

3 Stipulation, but then defaulted by not remaining current in contributions.

4      3.     Defendants are currently indebted to the Trust Funds in the total sum of

5 **$84,445.30**, including all of the following amounts, calculated as of January 17, 2012:

6      (a)     Original Judgment Pursuant to Stipulation:

| | | |
|---|---|---|
| Judgment Pursuant to Stipulation (conditional amount): | $53,572.58 | |
| Credits (principal paid): | ($40,074.62) | |
| Balance due on Stipulation (conditional amount) as of 1/17/12: | | $13,497.96 |
| Conditionally waived Liquidated Damages (9/10-3/11): | | $10,214.53 |
| | **Subtotal:** | **$23,712.49** |

     (b)     Additional Amounts Due on Account:

| | | |
|---|---|---|
| September through November 2011 Contributions: | $47,089.74 | |
| 20% Liquidated Damages (9/11-11/11): | $9,417.95 | |
| 5% Interest through 1/17/12 (9/11-11/11): | $314.12 | |
| | **Subtotal:** | **$56,821.81** |

     (c)     Additional Attorneys' Fees and Costs:

| | | |
|---|---|---|
| Additional Attorneys Fees (4/27/11-1/17/12): | $3,861.00 | |
| Additional Costs (through 1/17/12): | $50.00 | |
| | **Subtotal:** | **$3,911.00** |

**TOTAL DUE: $84,445.30**

4.     Defendant shall pay the amount of **$84,445.30**, representing all of the above

amounts**,** as follows:

     (a)     Beginning on or before February 15, 2012, and on or before the 15th day of

each month thereafter, for a period of twelve (12) months, through and including January 15,

2013, Defendants shall pay to Plaintiffs the amount of **$7,229.00** per month;

     (b)     Payments may be made by joint check to Defendants and Plaintiffs' Trust

Funds, and if so, shall be endorsed by Defendants prior to submission to Plaintiffs;

     (c)     Defendants shall have the right to increase the monthly payments at any

time, without penalty;

     (d)     Payments shall be applied first to unpaid interest and then to unpaid

1  principal. The unpaid principal balance shall bear interest at the rate of 5% per annum, from

2  January 18, 2012, in accordance with Plaintiffs' Trust Agreements;

3        (e)     Payments shall be made payable to the "*District Council 16 Northern*

4  *California Trust Funds*" and delivered to Michele R. Stafford at Saltzman & Johnson Law

5  Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California  94104, or to such

6  other address as may be specified by Plaintiffs, **to be <u>received</u> on or before the 15th day of each**

7  **month**.

8        (f)     Prior to Defendants' final payment, Plaintiffs shall notify Defendants in

9  writing of the final amount due, including interest and any additional attorneys' fees and costs, as

10  well as any other amounts due under the terms herein.  Any additional amounts due pursuant to

11  the provisions hereunder shall be paid in full with the final stipulated payment on January 15,

12  2013.

13        (g)     At the time that Defendants have reduced the principal balance due under

14  this Stipulation to $11,000.00 or less, Defendants will be notified, and may submit a written

15  request for a waiver of the $10,214.53 in liquidated damages that were included in the Original

16  Judgment Pursuant to Stipulation.  The letter shall be directed to the Board of Trustees, but sent to

17  Saltzman and Johnson Law Corporation.  Defendants will then be advised as to whether or not the

18  waiver has been granted.  If the waiver is granted, upon bank clearance of Defendants' last

19  payment of the conditional balance, assuming Defendants' account is otherwise current, Plaintiffs

20  will file a Notice of Satisfaction of Judgment with the Court.  However, if the waiver is denied,

21  monthly payments will continue until all liquidated damages due have been paid.

22        (h)     Failure to comply with any of the above terms shall constitute a default of

23  Defendants' obligations under this Stipulation and the provisions of ¶12 shall apply.

24        5.     Beginning with contributions due for hours worked by Defendants' employees

25  during the month of December 2011, which are due no later than January 15, 2012 and delinquent

26  if not received by January 31, 2012, and for every month thereafter, Defendants **shall remain**

27  **current in reporting and payment of any contributions** due to Plaintiffs under the current

28  Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if

P:\CLIENTS\PATCL\Northern Pacific Drywall\Pleadings\C11-01962 JSW - 1st Amended Judgment Pursuant to Stipulation 012612.doc

1  any, and the Declarations of Trust as amended. **Defendants shall submit their original**

2  **contribution report for each month, together with a that payment check** payable to the

3  "*District Council 16 Northern California Trust Funds*" and delivered to Michele R. Stafford at

4  Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco,

5  California 94104, or to such other address as may be specified by Plaintiffs, **to be received on or**

6  **before the last business day of the month in which said contributions are due.**

7        6.       Defendants shall make full disclosure of all jobs on which they are working by

8  providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the

9  name and address of job, general contractor information, certified payroll if a public works job,

10  and period of work. **Defendants shall fax said updated list each month together with the**

11  **contribution report (as required by this Stipulation) to Michele R. Stafford at 415-882-9287.**

12  This requirement remains in full force and effect regardless of whether or not Defendants have

13  ongoing work. In this event, Defendants shall submit a statement stating that there are no current

14  jobs. A blank job report form is attached hereto for Defendants' use, as *Exhibit A*. **To the extent**

15  **that Defendants are working on a Public Works job, or any other job for which Certified**

16  **Payroll Reports are required, copies of said Reports will be faxed to Michele R. Stafford,**

17  **concurrently with their submission to the general contractor, owner or other reporting**

18  **agency**.

19        7.       Failure by Defendants to remain current in reporting or payment of contributions

20  shall constitute a default of the obligations under this agreement. Any such unpaid or late paid

21  contributions, together with 20% liquidated damages and 5% per annum interest accrued on

22  contributions, shall be added to and become a part of this Judgment and subject to the terms

23  herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and

24  Declarations of Trust of the Trust Funds for collection of current and future contributions, and for

25  any additional past contributions not included herein as may be determined by Plaintiffs, pursuant

26  to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement

27  are in addition thereto. Defendants specifically waive the defense of the doctrine *res judicata* as to

28  any such additional amounts determined as due.

8.     **Audit:**  Should the Trust Funds request an audit of Defendants' payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendants to comply with said request shall constitute a default of the obligations under this Agreement.

(a)     In the event that Defendants have an audit in progress, but not yet complete (and thus not included herein), and amounts are found due, Plaintiffs shall send a written demand to Defendants by email to vspann@norpacdrywall.com  and by regular mail for payment in full of the amounts found due in the audit, including contributions, liquidated damages, interest and audit fees.

(b)     Defendant will be provided with ten (10) days in which to review the audit, and provide evidence to contest the findings in the event that Defendant does not agree with the total found due. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Michele R. Stafford.

(c)     If the audit is contested, and Defendants provide documentation in support of the dispute, Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due.

(d)     If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of the revised billing.

(e)     If Defendants are unable to make payment in full, Defendants may submit a written request to revise this Judgment, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Judgment, subject to the terms herein.  If the Judgment is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of the terms herein.

(f)     Failure by Defendants to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date of Plaintiffs demand shall constitute a default of the obligations under this agreement.   All amounts found due on audit shall

1    immediately become part of this Judgment.

2           9.     In the event that any check is not timely submitted or submitted by Defendants but

3    fails to clear the bank, or is unable to be negotiated for any reason for which Defendants are

4    responsible, this shall be considered to be a default on the Judgment entered.  If Defendants fail to

5    submit its contribution reports, and /or certified payroll reports (if any) and / or job lists, and / or

6    fail to comply with *any* of the terms of the Stipulation herein, this too shall constitute a default.

7           10.    Defendants and all successors in interest, assignees, and affiliated entities

8    (including, but not limited to parent or other controlling companies), and any companies with

9    which NORTHERN PACIFIC DRYWALL, INC, a California Corporation, and/or DARRIN

10   MICHAEL SPANN, an individual, joins or merges, if any, shall also be bound by the terms of this

11   Stipulation as Guarantors. This shall include any additional entities in which Defendant DARRIN

12   MICHAEL SPANN is an officer, owner or possesses any ownership interest.  Defendants and all

13   such entities specifically consent to the Court's jurisdiction, as well as all other terms herein.

14          11.    If a default occurs, Plaintiffs shall make a written demand, sent to by email to

15   vspann@norpacdrywall.com and by regular mail, to cure said default.  Default will only be cured

16   by the issuance of a replacement, cashier's check if the default is caused by a failed check, or at

17   the request of Plaintiffs, to be delivered to Saltzman and Johnson Law Corporation within seven

18   (7) days of the date of the notice from Plaintiffs.  If Defendants elect to cure said default, and

19   Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check if

20   the default is caused by a failed check.

21          12.    In the event the default is not cured, all amounts remaining due hereunder, as well

22   as any additional amounts due pursuant to the terms herein, shall be due and payable on demand

23   by Plaintiffs as follows:

24          (a)     The entire amount of **$84,445.30** plus interest, reduced by principal

25   payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20%

26   liquidated damages and 5% per annum interest thereon, shall be immediately due, together with

27   any additional attorneys' fees and costs and other amounts due herein;

28          (b)     A writ of execution may be obtained against Defendants and all related

1   entities without further notice, in the amount of the unpaid balance, plus any additional amounts

2   under the terms herein, upon declaration of a duly authorized representative of the Plaintiffs

3   setting forth any payment theretofore made by or on behalf of Defendants and the balance due and

4   owing as of the date of default.  Defendants specifically decline the authority of a Magistrate

5   Judge for all proceedings, herein;

6          (c)     Defendants waive notice of entry of judgment and expressly waive all rights

7   to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of

8   Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the

9   issuance of a writ of execution;

10         (d)     Defendants shall pay all additional costs and attorneys' fees incurred by

11  Plaintiffs in connection with collection and allocation of the amounts owed by Defendants to

12  Plaintiffs under this Stipulation, regardless of whether or not there is a default herein.

13      13.   Any failure on the part of the Plaintiffs to take any action against Defendants as

14  provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed

15  a waiver of any subsequent breach by the Defendants of any provisions herein.

16      14.   In the event of the filing of a bankruptcy petition by Defendants, the parties agree

17  that any payments made by Defendants pursuant to the terms of this judgment, shall be deemed to

18  have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)

19  and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or otherwise.

20  Defendants nevertheless represent that no bankruptcy filing is anticipated.

21      15.   Should any provision of this Stipulation be declared or determined by any court of

22  competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

23  enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

24  illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

25  Stipulation.

26      16.   This Stipulation is limited to the agreement between the parties with respect to the

27  delinquent contributions and related sums enumerated herein, owed by Defendants to the

28  Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any.

1  Defendants acknowledge that the Plaintiffs expressly reserve their right to pursue withdrawal

2  liability claims, if any, against Defendants as provided by the Plaintiffs' Plan Documents, and

3  Trust Agreements incorporated into their Collective Bargaining Agreement, and the law.

4       17.    This Stipulation contains all of the terms agreed by the parties and no other

5  agreements have been made.  Any changes to this Stipulation shall be effective only if made in

6  writing and signed by all parties hereto.

7       18.    This Stipulation may be executed in any number of counterparts and by facsimile,

8  each of which shall be deemed an original and all of which shall constitute the same instrument.

9       19.    The parties agree that the Court shall retain jurisdiction of this matter until this

10  Judgment is satisfied.

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

-8-
**FIRST AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-1962 JSW**

20.     All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enters into this Stipulation voluntarily and without duress.

Dated: February 8, 2012          **NORTHERN PACIFIC DRYWALL. INC.. a California Corporation**

By:     _____/S/_____
        DARRIN MICHAEL SPANN, its
        RMO/CEO/President

Dated: February 8, 2012          **DARRIN MICHAEL SPANN, an Individual**

        _____/S/_____
        DARRIN MICHAEL SPANN

Dated: February 15, 2012         **SALTZMAN AND JOHNSON LAW CORPORATION**

By:     _____/S/_____
        Michele R. Stafford
        Attorneys for Plaintiffs
        Bay Area Painters & Tapers Trust Funds

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction over this matter.


Dated: _____, 2012        _____
                                      UNITED STATES DISTRICT COURT JUDGE

# _Exhibit A_

### _JOB REPORT FORM_
**\*\*\* Updated report must be faxed to Michele R. Stafford, Esq., at (415) 882-9287
on the <u>15th</u> day of each month \*\*\***

Employer Name: **NORTHERN PACIFIC DRYWALL, INC.**

Report for the month of _____   Submitted by (print name): _____

| | | |
|---|---|---|
| Project Name: | | |
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address/Tel. #: | | |
| Contract #: | Date of Contract: | |
| Total Value of Contract: | | |
| Work Start Date: | Work Completion Date: | |

| | | |
|---|---|---|
| Project Name: | | |
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address/Tel. #: | | |
| Contract #: | Date of Contract: | |
| Total Value of Contract: | | |
| Work Start Date: | Work Completion Date: | |

| | | |
|---|---|---|
| Project Name: | | |
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address/Tel. #: | | |
| Contract #: | Date of Contract: | |
| Total Value of Contract: | | |
| Work Start Date: | Work Completion Date: | |

_\*\*\* Attach additional sheets as necessary \*\*\*_

20.     All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enters into this Stipulation voluntarily and without duress.

Dated: ~~January~~ Feb. 8, , 2012

**NORTHERN PACIFIC DRYWALL, INC., a California Corporation**

By: _____
DARRIN MICHAEL SPANN, its
RMO/CEO/President

Dated: ~~January~~ Feb. 8 , 2012

**DARRIN MICHAEL SPANN, an Individual**

_____
DARRIN MICHAEL SPANN

Dated: ~~January~~ Feb 15 , 2012

**SALTZMAN AND JOHNSON LAW CORPORATION**

By: _____
Michele R. Stafford
Attorneys for Plaintiffs
Bay Area Painters & Tapers Trust Funds

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction over this matter.

Dated: February 21 , 2012

_____
UNITED STATES DISTRICT COURT JUDGE

**FIRST AMENDED JUDGMENT PURSUANT TO STIPULATION**
Case No.: C11-1962 JSW

P:\CLIENTS\PATCL\Northern Pacific Drywall\Pleadings\C11-01962 JSW_1st Amended Judgment Pursuant to Stipulation 012612.doc